**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____    Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                      06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Mirage Restaurant, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **36-3717517** |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **10255 Irving Park Road** <br> **Schiller Park, IL 60176** <br> Number, Street, City, State & ZIP Code | |
| | P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook** <br> County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5.  **Debtor's website** (URL)    **https://themiragerestaurant.com/**

6.  **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Mirage Restaurant, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__7225__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

Debtor   **Mirage Restaurant, Inc.**                                    Case number (*if known*) _____
_____
Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No<br>☐ Yes. |

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

| | | |
|---|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:* | |
| | ■ | Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ | A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | |
|---|---|
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

| | |
|---|---|
| ■ | **Statistical and administrative information** |

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| **14. Estimated number of creditors** | ■ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than100,000 |
|---|---|---|---|

| **15. Estimated Assets** | ☐ $0 - $50,000<br>■ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50  million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|

| **16. Estimated liabilities** | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|

Debtor    **Mirage Restaurant, Inc.**                                    Case number (*if known*)
          Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☑ $500,001 - $1 million

- ☐ $10,000,001 - $50  million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Mirage Restaurant, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 16, 2023**
                 MM / DD / YYYY

**X** **/s/ James Fountalas**            **James Fountalas**
      Signature of authorized representative of debtor        Printed name

Title    **President**

**18. Signature of attorney**

**X** **/s/ Robert R. Benjamin**        Date   **May 16, 2023**
      Signature of attorney for debtor             MM / DD / YYYY

**Robert R. Benjamin**
Printed name

**Golan Christie Taglia LLP**
Firm name

**70 W. Madison St., Suite 1500**
**Chicago, IL 60602**
Number, Street, City, State & ZIP Code

Contact phone   **(312) 263-2300**      Email address   **rrbenjamin@gct.law**

**0170429 IL**
Bar number and State

| Fill in this information to identify the case: |
| --- |

Debtor name    **Mirage Restaurant, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | Declaration and signature |
| --- | --- |

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 16, 2023**            X */s/ James Fountalas*
_____                _____
                                         Signature of individual signing on behalf of debtor

                                         **James Fountalas**
                                         _____
                                         Printed name

                                         **President**
                                         _____
                                         Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Mirage Restaurant, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Capital One P.O. Box 4069 Carol Stream, IL 60197-4069 | 1-888-464-3220 | Credit card purchases | Unliquidated | | | $16,641.57 |
| Capital One P.O. Box 4069 Carol Stream, IL 60197-4069 | 1-888-464-3220 | Credit card purchases | Unliquidated | | | $8,759.96 |
| Covered Affairs 2642 Haymond St. River Grove, IL 60171 | sales@coveredaffairs.com (708) 452-8334 | Goods and Services | Unliquidated | | | $6,238.00 |
| Elite Chair Covers 7533 98th Place Bridgeview, IL 60455 | office@elitechaircovers.us (708) 233-9191 | Goods and Services | Unliquidated | | | $10,000.00 |
| Joseph Marroquin c/o Hale & Monico, LLC 53 W. Jackson, Suite 337 Chicago, IL 60604 | Brian Monico btm@halemonico.com (312) 870-6912 | 202 L 009607 | Unliquidated Disputed | | | $0.00 |
| U.S. Bank SBA Express ID PO Box 790179 Saint Louis, MO 63179-0179 | PPP Attn: SAG (503) 401-5640 | PPP Loan | | | | $282,611.00 |
| U.S. Bank SBA Express ID PO Box 790179 Saint Louis, MO 63179-0179 | PPP Attn: SAG (503) 401-5640 | PPP Loan | | | | $204,910.30 |
| U.S. Small Business Administration 2 North Street, Suite 320 Birmingham, AL 35203 | James E. Rivera, Exec. Dir. 205-290-7765 | June 14, 2020 Loan Agreement UCC filed June 28, 2020 | | $166,334.60 | $98,778.64 | $67,555.96 |

Debtor    **Mirage Restaurant, Inc.**                                          Case number *(if known)*
          Name

**Fill in this information to identify the case:**

Debtor name   **Mirage Restaurant, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals 12/15

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*...................................................................................   $   **0.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*...............................................................................   $   **98,778.64**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................................   $   **98,778.64**

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*......................   $   **166,334.60**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................   $   **0.00**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................   +$   **529,160.83**

4. **Total liabilities** ........................................................................................................................
   Lines 2 + 3a + 3b   $   **695,495.43**

**Fill in this information to identify the case:**

Debtor name **Mirage Restaurant, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| 2. | **Cash on hand** | | **$800.00** |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **U.S. Bank** | **Payroll** | 9392 | **$572.62** |
| 3.2. | **U.S. Bank** | **Operating Account** | 4101 | **$28,742.95** |

4. **Other cash equivalents** *(Identify all)*

| 5. | **Total of Part 1.** | **$30,115.57** |
|---|---|---|
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | |

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes Fill in the information below.

| Debtor | **Mirage Restaurant, Inc.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

**11.**  **Accounts receivable**

11a. 90 days old or less:    19,022.07    -    0.00    = ....    $19,022.07

face amount          doubtful or uncollectible accounts

**12.**  **Total of Part 3.**    $19,022.07

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| **Part 4:** | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

☑ No.  Go to Part 5.
☐ Yes Fill in the information below.

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
☑ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.**  **Raw materials** | | | | |
| **20.**  **Work in progress** | | | | |
| **21.**  **Finished goods, including goods held for resale** | | | | |
| **22.**  **Other inventory or supplies** <br> Perishables | **May 2023** | | **Liquidation** | $6,978.00 |
| Liquor | **May 2023** | | **Liquidation** | $4,123.00 |

**23.**  **Total of Part 5.**    $11,101.00

Add lines 19 through 22.  Copy the total to line 84.

**24.**  **Is any of the property listed in Part 5 perishable?**
☐ No
☑ Yes

**25.**  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☑ Yes. Book value _____ Valuation method __Liquidation__ Current Value _____ $9435.00

**26.**  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes Fill in the information below.

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

Debtor    **Mirage Restaurant, Inc.**                          Case number *(If known)* _____
Name

☐ No. Go to Part 8.
☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** **Tables, stools, chairs, booths** | | **Liquidation** | **$14,700.00** |
| 40. **Office fixtures** **Light fixtures** | | **Liquidation** | **$3,000.00** |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** **Refrigerators, grill, stoves, ovens, fryers, tableware, etc.** | | **Liquidation** | **$20,840.00** |

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**                                                                    | **$38,540.00** |
Add lines 39 through 42. Copy the total to line 86.

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
☑ No
☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60.    **Patents, copyrights, trademarks, and trade secrets**

61.    **Internet domain names and websites**

| Debtor | **Mirage Restaurant, Inc.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

| | **Website - themiragerestaurant.com** | | **Liquidation** | **$0.00** |
|---|---|---|---|---|

| 62. | **Licenses, franchises, and royalties** | | | |
|---|---|---|---|---|
| | **Schiller Park liquor license** | | | **$0.00** |
| | **Illinois liquor license** | | | **$0.00** |
| | **Schiller Park business license** | | | **$0.00** |
| | **Illinois Business Authorization** | | | **$0.00** |

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10.**

$0.00

Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 11:    All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor    **Mirage Restaurant, Inc.**                                    Case number *(If known)* _____
          Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$30,115.57** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | **$19,022.07** | |
| 83. **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. **Inventory.** *Copy line 23, Part 5.* | **$11,101.00** | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$38,540.00** | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. **Real property.** *Copy line 56, Part 9.*......................................................> | | **$0.00** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + **$0.00** | |
| 91. **Total.** Add lines 80 through 90 for each column | **$98,778.64** | + 91b. **$0.00** |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | **$98,778.64** |

| Fill in this information to identify the case: |
|---|

Debtor name  **Mirage Restaurant, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1 U.S. Small Business Administration**<br>Creditor's Name<br><br>**2 North Street, Suite 320 Birmingham, AL 35203**<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred 6/14/2020**<br>**Last 4 digits of account number** ____<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>**June 14, 2020 Loan Agreement UCC filed June 28, 2020**<br><br>**Describe the lien**<br>**Economic Injury Disaster Loan**<br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $166,334.60 | $98,778.64 |

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.   $166,334.60

### Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **U.S. Small Business Administration**<br>**14925 Kingsport Road**<br>**Fort Worth, TX 76155** | Line _2.1_ | |
| **U.S. Small Business Administration**<br>**Attn: James E. Rivera, Exec. Dir.**<br>**409 3rd Street, SW, Suite 6050**<br>**Washington, DC 20416** | Line _2.1_ | |

Debtor    **Mirage Restaurant, Inc.**
Name                                                                    Case number (if known) _____

**Fill in this information to identify the case:**

Debtor name __**Mirage Restaurant, Inc.**__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS__

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address<br>**Capital One**<br>**P.O. Box 4069**<br>**Carol Stream, IL 60197-4069**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __9236__ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Credit card purchases__<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$16,641.57** |
| **3.2** | Nonpriority creditor's name and mailing address<br>**Capital One**<br>**P.O. Box 4069**<br>**Carol Stream, IL 60197-4069**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __6556__ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Credit card purchases__<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$8,759.96** |
| **3.3** | Nonpriority creditor's name and mailing address<br>**Covered Affairs**<br>**2642 Haymond St.**<br>**River Grove, IL 60171**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Goods and Services__<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$6,238.00** |
| **3.4** | Nonpriority creditor's name and mailing address<br>**Elite Chair Covers**<br>**7533 98th Place**<br>**Bridgeview, IL 60455**<br><br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: __Goods and Services__<br><br>Is the claim subject to offset? ■ No  ☐ Yes | **$10,000.00** |

| Debtor | **Mirage Restaurant, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**3.5** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**

Joseph Marroquin
c/o Hale & Monico, LLC
53 W. Jackson, Suite 337
Chicago, IL 60604

☐ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **202 L 009607**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00**

Nancy Bennett
c/o The Memmen Law Firm, LLC
505 N. LaSalle, Suite 500
Chicago, IL 60654

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **2022 L 008026 - respondent in discovery**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.7** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00**

Sundra Bennett
c/o The Memmen Law Firm, LLC
505 N. LaSalle, Suite 500
Chicago, IL 60654

☐ Contingent
☐ Unliquidated
■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  **2022 L 008026 - respondent in discovery**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.8** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$204,910.30**

U.S. Bank
SBA Express ID
PO Box 790179
Saint Louis, MO 63179-0179

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **4/30/2020**

Last 4 digits of account number  **5285**

Basis for the claim:  **PPP Loan**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.9** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$282,611.00**

U.S. Bank
SBA Express ID
PO Box 790179
Saint Louis, MO 63179-0179

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **4/18/2021**

Last 4 digits of account number  **0172**

Basis for the claim:  **PPP Loan**

Is the claim subject to offset? ■ No ☐ Yes

---

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **U.S Bank, National Association**<br>**Consumer Default Operations**<br>**PO Box 5830**<br>**Portland, OR 97228-5830** | Line  **3.9**<br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | **U.S. Bank National Association**<br>**Consumer Default Operations**<br>**PO Box 5830**<br>**Portland, OR 97228-5830** | Line  **3.8**<br><br>☐ Not listed. Explain ____ | _ |

| Debtor | **Mirage Restaurant, Inc.** | Case number (if known) | |
| | Name | | |

**Part 4:**   **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. | + $ | 529,160.83 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 529,160.83 |

**Fill in this information to identify the case:**

Debtor name    **Mirage Restaurant, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest | **Lease of 10255 W. Irving Park Road, Schiller Park, IL 60176 at $12,824.35 through September 15, 2025. The monthly rent amount increases to $13,209.10 from September 16, 2023 to September 15, 2024 and to $13,605.35 from September 16, 2024 to September 15, 2025.** |
| State the term remaining    **28 months** | |
| List the contract number of any government contract _____ | **Schiller Park Hospitality, LLC 4909 Oakton Street Skokie, IL 60077** |

**Fill in this information to identify the case:**

Debtor name __**Mirage Restaurant, Inc.**__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS__

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206H
# Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **James Fountalas** | **5641 N. Crescent**<br>**Norwood Park, IL 60631** | **Capital One** | ☐ D _____<br>■ E/F __3.1__<br>☐ G _____ |
| 2.2 **James Fountalas** | **5641 N. Crescent**<br>**Norwood Park, IL 60631** | **Capital One** | ☐ D _____<br>■ E/F __3.2__<br>☐ G _____ |
| 2.3 **Schiller Park Hospitality, LLC** | **c/o Izzo, Rappaport & Stiefbold**<br>**33 N. Dearborn St., Suite 1605**<br>**Chicago, IL 60602** | **Joseph Marroquin** | ☐ D _____<br>■ E/F __3.5__<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **Mirage Restaurant, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |

**1. Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2023** to **Filing Date** | ■ Operating a business<br>☐ Other  _____ | **$181,976.00** |
| **For prior year:**<br>From  **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other  _____ | **$630,146.00** |
| **For year before that:**<br>From  **1/01/2021** to **12/31/2021** | ■ Operating a business<br>☐ Other  _____ | **$452,395.00** |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

| Debtor | **Mirage Restaurant, Inc.** | | | Case number *(if known)* | |

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | **Sysco**<br>**250 Wieboldt Drive**<br>**Des Plaines, IL 60016** | **February 2023-May 2023** | **$10,334.81** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2. | **Restaurant Depot**<br>**2166 Mannheim Rd.**<br>**Des Plaines, IL 60018** | **February 2023-May 2023** | **$24,173.35** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.3. | **Illinois Department of Revenue**<br>**PO Box 19035**<br>**Springfield, IL 62794** | **February 2023-May 2023** | **$14,792.17** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Taxes** |
| 3.4. | **Elite Chair Covers**<br>**7533 98th Place**<br>**Bridgeview, IL 60455** | **February 2023-May 2023** | **$13,121.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.5. | **Capital One**<br>**P.O. Box 4069**<br>**Carol Stream, IL 60197** | **February 2023-May 2023** | **$9,600.00** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Credit card payments** |
| 3.6. | **ComEd**<br>**PO Box 6111**<br>**Carol Stream, IL 60197-6111** | **February 2023-May 2023** | **$8,714.83** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.7. | **Shift4 Payments, Inc.**<br>**2202 N. Irving Street**<br>**Allentown, PA 18109** | **February 2023-May 2023** | **$8,103.54** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.8. | **US Foods**<br>**PO Box 98420**<br>**Chicago, IL 60693** | **February 2023-May 2023** | **$17,029.26** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

| Debtor | Mirage Restaurant, Inc. | Case number *(if known)* | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
| --- | --- | --- | --- |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
| --- | --- | --- | --- |

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
| --- | --- | --- | --- |

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
| --- | --- | --- | --- | --- |
| 7.1. | Hiotikos, Ltd, et al. v. Society Insurance 22 cv 01104 | Contract | USDC - Northern District of Illinois | ■ Pending ☐ On appeal ☐ Concluded |
| 7.2. | Nancy Bennett and Sundra Bennett v. Radoslaw Markowicz and Allegra Banquet 2022 L 008026 | Personal Injury | Circuit Court of Cook County | ■ Pending ☐ On appeal ☐ Concluded |
| 7.3. | Marroquin v. Schiller Park Hospitality LLC 2020 L 9607 | Civil | Circuit Court of Cook County | ■ Pending ☐ On appeal ☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:   Certain Gifts and Charitable Contributions**

| Debtor | **Mirage Restaurant, Inc.** | Case number *(if known)* |
|---|---|---|

9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

### Part 6:    Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Golan Christie Taglia LLP 70 W. Madison St., Suite 1500 Chicago, IL 60602** | **Attorney Fees** | **12/30/2022** | **$15,000.00** |
| | Email or website address **rrbenjamin@gct.law** | | | |
| | Who made the payment, if not debtor? | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7:    Previous Locations

| Debtor | **Mirage Restaurant, Inc.** | Case number *(if known)* | |
|---|---|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor    **Mirage Restaurant, Inc.**                                  Case number *(if known)* _____

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Public Storage<br>9700 Irving Park Rd.<br>Schiller Park, IL 60176 | James Fountalas<br>5641 N. Crescent<br>Norwood Park, IL 60631 | Holiday decorations | ☐ No<br>■ Yes |

---

**Part 11:**    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:**    Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**    Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Debtor | **Mirage Restaurant, Inc.** | Case number *(if known)* | |

| Business name address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |
| | | **Dates business existed** |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1. **Logistika Solutions Corp.** **1442 Techny Rd.** **Northbrook, IL 60062** | **May 2021-May 2023** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. **Logistika Solutions Corp.** **1442 Techny Rd.** **Northbrook, IL 60062** | **May 2021-May 2023** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Logistika Solutions Corp.** **1442 Techny Rd.** **Northbrook, IL 60062** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **James Fountalas** | **5641 N. Crescent** **Norwood Park, IL 60631** | **President** | **85** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Voula Nowicki** | **5509 N. Paris Ave.** **Chicago, IL 60656** | **Shareholder** | **15** |

| Debtor | **Mirage Restaurant, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

- ■ No
- ☐ Yes. Identify below.

**30.** **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ☐ No
- ■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **James Fountalas<br>5641 N. Crescent<br>Norwood Park, IL 60631** | **$68,604.83** | **May 2022-May 2023** | **Wages, repayment of shareholder loans** |
| | **Relationship to debtor<br>President** | | | |

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

- ■ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 16, 2023**

**/s/ James Fountalas**                                              **James Fountalas**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **President**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
- ■ No
- ☐ Yes

## United States Bankruptcy Court
### Northern District of Illinois

In re   **Mirage Restaurant, Inc.**

Debtor(s)

Case No.

Chapter  **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **James Fountalas**<br>**5641 N. Crescent**<br>**Norwood Park, IL 60631** | **Common** | **85%** | |
| **Voula Nowicki**<br>**5509 N. Paris Ave.**<br>**Chicago, IL 60656** | **Common** | **15%** | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **May 16, 2023**

Signature  **/s/ James Fountalas**

**James Fountalas**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Mirage Restaurant, Inc.** _____     Case No. _____
                                        Debtor(s)        Chapter    **11** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:   _____**18**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **May 16, 2023** _____          **/s/ James Fountalas** _____
                                        **James Fountalas**/**President**
                                        Signer/Title

Capital One
P.O. Box 4069
Carol Stream, IL 60197-4069


Capital One
P.O. Box 4069
Carol Stream, IL 60197-4069


Covered Affairs
2642 Haymond St.
River Grove, IL 60171


Elite Chair Covers
7533 98th Place
Bridgeview, IL 60455


James Fountalas
5641 N. Crescent
Norwood Park, IL 60631


James Fountalas
5641 N. Crescent
Norwood Park, IL 60631


Joseph Marroquin
c/o Hale & Monico, LLC
53 W. Jackson, Suite 337
Chicago, IL 60604


Nancy Bennett
c/o The Memmen Law Firm, LLC
505 N. LaSalle, Suite 500
Chicago, IL 60654


Schiller Park Hospitality, LLC
4909 Oakton Street
Skokie, IL 60077


Schiller Park Hospitality, LLC
c/o Izzo, Rappaport & Stiefbold
33 N. Dearborn St., Suite 1605
Chicago, IL 60602

Sundra Bennett
c/o The Memmen Law Firm, LLC
505 N. LaSalle, Suite 500
Chicago, IL 60654


U.S Bank, National Association
Consumer Default Operations
PO Box 5830
Portland, OR 97228-5830


U.S. Bank
SBA Express ID
PO Box 790179
Saint Louis, MO 63179-0179


U.S. Bank
SBA Express ID
PO Box 790179
Saint Louis, MO 63179-0179


U.S. Bank National Association
Consumer Default Operations
PO Box 5830
Portland, OR 97228-5830


U.S. Small Business Administration
2 North Street, Suite 320
Birmingham, AL 35203


U.S. Small Business Administration
14925 Kingsport Road
Fort Worth, TX 76155


U.S. Small Business Administration
Attn: James E. Rivera, Exec. Dir.
409 3rd Street, SW, Suite 6050
Washington, DC 20416

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Mirage Restaurant, Inc.**

Debtor(s)

Case No.

Chapter   **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Mirage Restaurant, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**May 16, 2023**

Date

**/s/ Robert R. Benjamin**

**Robert R. Benjamin**

Signature of Attorney or Litigant

Counsel for   **Mirage Restaurant, Inc.**

**Golan Christie Taglia LLP**
**70 W. Madison St., Suite 1500**
**Chicago, IL 60602**
**(312) 263-2300**
**rrbenjamin@gct.law**

Form **8879-CORP**

(December 2022)

Department of the Treasury
Internal Revenue Service

## *E-file* Authorization for Corporations

For calendar year 20 <u>22</u>, or tax year beginning _____, 20____, ending _____, 20____

**Use for *efile* authorizations for Form 1120, 1120-F or 1120S.**
**Do not send to the IRS. Keep for your records.**
**Go to *www.irs.gov/Form8879CORP* for the latest information.**

OMB No. 1545-0123

| Name of corporation | Employer identification number |
|---|---|
| MIRAGE RESTAURANT INC | 36-3717517 |

### Part I    Information (Whole dollars only)

| | | | |
|---|---|---|---|
| **1** | Total income (Form 1120, line 11) . . . . . . . . . . . . . . . | **1** | |
| **2** | Total income (Form 1120-F, Section II, line 11) . . . . . . . . . | **2** | |
| **3** | Total income (loss) (Form 1120-S, line 6) . . . . . . . . . . . | **3** | 360,824. |

### Part II    Declaration and Signature Authorization of Officer. Be sure to get a copy of the corporation's return.

Under penalties of perjury, I declare that I am an officer of the above corporation and that I have examined a copy of the corporation's electronic income tax return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. I further declare that the amounts in Part I above are the amounts shown on the copy of the corporation's electronic income tax return. I consent to allow my electronic return originator (ERO), transmitter, or intermediate service provider to send the corporation's return to the IRS and to receive from the IRS (**a**) an acknowledgement of receipt or reason for rejection of the transmission, (**b**) the reason for any delay in processing the return or refund, and (**c**) the date of any refund. If applicable, I authorize the U.S. Treasury and its designated Financial Agent to initiate an electronic funds withdrawal (direct debit) entry to the financial institution account indicated in the tax preparation software for payment of the corporation's federal taxes owed on this return, and the financial institution to debit the entry to this account. To revoke a payment, I must contact the U.S. Treasury Financial Agent at **1-888-353-4537** no later than 2 business days prior to the payment (settlement) date. I also authorize the financial institutions involved in the processing of the electronic payment of taxes to receive confidential information necessary to answer inquiries and resolve issues related to the payment. I have selected a personal identification number (PIN) as my signature for the corporation's electronic income tax return and, if applicable, the corporation's consent to electronic funds withdrawal.

**Officer's PIN: check one box only**

☒  I authorize  LOGISTIKA SOLUTIONS CORP _____  to enter my PIN   | 1 | 7 | 5 | 1 | 7 |   as my signature

   **ERO firm name**                                              **do not enter all zeros**

on the corporation's electronically filed income tax return.

☐  As an officer of the corporation, I will enter my PIN as my signature on the corporation's electronically filed income tax return.

Officer's signature _____  Date _____  Title  SECRETARY _____

### Part III    Certification and Authentication

**ERO's EFIN/PIN.** Enter your six-digit EFIN followed by your five-digit self-selected PIN.   | 1 | 5 | 6 | 3 | 7 | 2 | 6 | 0 | 0 | 0 | 5 |

                                                                    **do not enter all zeros**

I certify that the above numeric entry is my PIN, which is my signature on the electronically filed income tax return for the corporation indicated above. I confirm that I am submitting this return in accordance with the requirements of **Pub. 3112**, IRS *e-file* Application and Participation, and **Pub. 4163**, Modernized e-File (MeF) Information for Authorized IRS *e-file* Providers for Business Returns.

ERO's signature _____  Date  05/12/2023

**ERO Must Retain This Form — See Instructions**
**Do Not Submit This Form to the IRS Unless Requested To Do So**

**For Paperwork Reduction Act Notice, see instructions.**          REV 04/19/23 PRO          Form **8879-CORP** (12-2022)
**BAA**

Form **1120-S**

Department of the Treasury
Internal Revenue Service

## U.S. Income Tax Return for an S Corporation

**Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.**

Go to *www.irs.gov/Form1120S* for instructions and the latest information.

OMB No. 1545-0123

**2022**

For calendar year 2022 or tax year beginning _____, 2022, ending _____, 20____

| | |
|---|---|
| **A** S election effective date  01/01/2001 | |
| **B** Business activity code number (see instructions)  722511 | |
| **C** Check if Sch. M-3 attached ☐ | |

**TYPE OR PRINT**

Name: MIRAGE RESTAURANT INC
Number, street, and room or suite no. If a P.O. box, see instructions.  10255 IRVING PARK ROAD
City or town, state or province, country, and ZIP or foreign postal code  SCHILLER PARK IL 60176

**D** Employer identification number  36-3717517
**E** Date incorporated  09/19/1988
**F** Total assets (see instructions)  $ 334,440.

**G** Is the corporation electing to be an S corporation beginning with this tax year? See instructions. ☐ Yes ☒ No

**H** Check if: **(1)** ☐ Final return **(2)** ☐ Name change **(3)** ☐ Address change **(4)** ☐ Amended return **(5)** ☐ S election termination

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . . . . 2

**J** Check if corporation: **(1)** ☐ Aggregated activities for section 465 at-risk purposes **(2)** ☐ Grouped activities for section 469 passive activity purposes

**Caution:** Include **only** trade or business income and expenses on lines 1a through 21. See the instructions for more information.

### Income

| | | | |
|---|---|---|---|
| 1a | Gross receipts or sales | 1a 630,146. | |
| b | Returns and allowances | 1b 3,300. | |
| c | Balance. Subtract line 1b from line 1a | 1c | 626,846. |
| 2 | Cost of goods sold (attach Form 1125-A) | 2 | 266,022. |
| 3 | Gross profit. Subtract line 2 from line 1c | 3 | 360,824. |
| 4 | Net gain (loss) from Form 4797, line 17 (attach Form 4797) | 4 | |
| 5 | Other income (loss) (see instructions—attach statement) | 5 | |
| 6 | **Total income (loss).** Add lines 3 through 5 | 6 | 360,824. |

### Deductions (see instructions for limitations)

| | | | |
|---|---|---|---|
| 7 | Compensation of officers (see instructions—attach Form 1125-E) | 7 | 6,300. |
| 8 | Salaries and wages (less employment credits) | 8 | 12,300. |
| 9 | Repairs and maintenance | 9 | 24,261. |
| 10 | Bad debts | 10 | |
| 11 | Rents | 11 | 77,915. |
| 12 | Taxes and licenses | 12 | 57,711. |
| 13 | Interest (see instructions) | 13 | 7. |
| 14 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 14 | 17,453. |
| 15 | Depletion **(Do not deduct oil and gas depletion.)** | 15 | |
| 16 | Advertising | 16 | 24,605. |
| 17 | Pension, profit-sharing, etc., plans | 17 | |
| 18 | Employee benefit programs | 18 | |
| 19 | Other deductions (attach statement)     See Statement | 19 | 199,208. |
| 20 | **Total deductions.** Add lines 7 through 19 | 20 | 419,760. |
| 21 | **Ordinary business income (loss).** Subtract line 20 from line 6 | 21 | -58,936. |

### Tax and Payments

| | | | |
|---|---|---|---|
| 22a | Excess net passive income or LIFO recapture tax (see instructions) | 22a | |
| b | Tax from Schedule D (Form 1120-S) | 22b | |
| c | Add lines 22a and 22b (see instructions for additional taxes) | 22c | |
| 23a | 2022 estimated tax payments and 2021 overpayment credited to 2022 | 23a | |
| b | Tax deposited with Form 7004 | 23b 0. | |
| c | Credit for federal tax paid on fuels (attach Form 4136) | 23c | |
| d | Add lines 23a through 23c | 23d | 0. |
| 24 | Estimated tax penalty (see instructions). Check if Form 2220 is attached ☐ | 24 | |
| 25 | **Amount owed.** If line 23d is smaller than the total of lines 22c and 24, enter amount owed | 25 | 0. |
| 26 | **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid | 26 | |
| 27 | Enter amount from line 26:     Credited to 2023 estimated tax     Refunded | 27 | |

### Sign Here

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer _____  Date _____  Title SECRETARY

May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☐ No

### Paid Preparer Use Only

| | | | |
|---|---|---|---|
| Print/Type preparer's name  Tony Bovis | Preparer's signature  Tony Bovis | Date  05/12/2023 | Check ☐ if self-employed  PTIN P00096350 |
| Firm's name  Logistika Solutions Corp | | | Firm's EIN  ████8910 |
| Firm's address  1442 Techny Road Northbrook IL 60062 | | | Phone no. (847)322-0895 |

**For Paperwork Reduction Act Notice, see separate instructions.** BAA

REV 04/19/23 PRO

Form **1120-S** (2022)

Form 1120-S (2022)                                                                                                                          Page **2**

## Schedule B   Other Information (see instructions)

|     |                                                                                                                                                                                 | Yes | No |
|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| **1** | Check accounting method:   **a** ☐ Cash   **b** ☒ Accrual<br> **c** ☐ Other (specify) _____ |     |     |
| **2** | See the instructions and enter the:<br>**a** Business activity RESTAURANT _____  **b** Product or service FOOD & BEVERAGES |     |     |
| **3** | At any time during the tax year, was any shareholder of the corporation a disregarded entity, a trust, an estate, or a nominee or similar person? If "Yes," attach Schedule B-1, Information on Certain Shareholders of an S Corporation  . .  |     | × |
| **4** | At the end of the tax year, did the corporation:                                                                                                                           |     |     |
| **a** | Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below  . . . |     | × |

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage of Stock Owned | (v) If Percentage in (iv) Is 100%, Enter the Date (if applicable) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |
|   |   |   |   |   |
|   |   |   |   |   |

|     |                                                                                                                                                                                 | Yes | No |
|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| **b** | Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below  . . . |     | × |

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
|   |   |   |   |   |
|   |   |   |   |   |
|   |   |   |   |   |
|   |   |   |   |   |

|     |                                                                                                                                                                                 | Yes | No |
|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| **5a** | At the end of the tax year, did the corporation have any outstanding shares of restricted stock?  .  .  .  .  .  .  .  . |     | × |
|     | If "Yes," complete lines (i) and (ii) below.                                                                                                                                  |     |     |
|     | **(i)**   Total shares of restricted stock  _____                                                                                                             |     |     |
|     | **(ii)**  Total shares of non-restricted stock  _____                                                                                                         |     |     |
| **b** | At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments?  . |     | × |
|     | If "Yes," complete lines (i) and (ii) below.                                                                                                                                  |     |     |
|     | **(i)**   Total shares of stock outstanding at the end of the tax year  .  .  _____                                                                            |     |     |
|     | **(ii)**  Total shares of stock outstanding if all instruments were executed  _____                                                                           |     |     |
| **6** | Has this corporation filed, or is it required to file, **Form 8918**, Material Advisor Disclosure Statement, to provide information on any reportable transaction?  .  .  .  .  .  .  .  .  .  .  .  . |     | × |
| **7** | Check this box if the corporation issued publicly offered debt instruments with original issue discount  .  .  .  .  . ☐ |     |     |
|     | If checked, the corporation may have to file **Form 8281**, Information Return for Publicly Offered Original Issue Discount Instruments.                                       |     |     |
| **8** | If the corporation **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation, **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years. See instructions  .  .  .  .  .  . $ _____ |     |     |
| **9** | Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions  .  .  .  .  . |     | × |
| **10** | Does the corporation satisfy one or more of the following? See instructions                                                                                                 |     | × |
| **a** | The corporation owns a pass-through entity with current, or prior year carryover, excess business interest expense.                                                          |     |     |
| **b** | The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year are more than $27 million and the corporation has business interest expense. |     |     |
| **c** | The corporation is a tax shelter and the corporation has business interest expense.                                                                                          |     |     |
|     | If "Yes," complete and attach **Form 8990**, Limitation on Business Interest Expense Under Section 163(j).                                                                    |     |     |
| **11** | Does the corporation satisfy **both** of the following conditions? See instructions                                                                                         |     | × |
| **a** | The corporation's total receipts (see instructions) for the tax year were less than $250,000.                                                                               |     |     |
| **b** | The corporation's total assets at the end of the tax year were less than $250,000.                                                                                          |     |     |
|     | If "Yes," the corporation is not required to complete Schedules L and M-1.                                                                                                    |     |     |

REV 04/19/23 PRO                                                                                                     Form **1120-S** (2022)

Form 1120-S (2022)                                                                                                      Page **3**

| | | Schedule B | Other Information (see instructions) *(continued)* | | Yes | No |
|---|---|---|---|---|---|---|

| 12 | During the tax year, did the corporation have any non-shareholder debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? | | × |
|---|---|---|---|
| | If "Yes," enter the amount of principal reduction . . . . . . . . . . . . . $ | | |
| 13 | During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions . | | × |
| 14a | Did the corporation make any payments in 2022 that would require it to file Form(s) 1099? . . . . . . . . | | × |
| b | If "Yes," did or will the corporation file required Form(s) 1099? . . . . . . . . . . . . . . | | |
| 15 | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund? . . . . . . . . . | | × |
| | If "Yes," enter the amount from Form 8996, line 15 . . . . . . . . . . . . . $ | | |

| | | Schedule K | Shareholders' Pro Rata Share Items | | Total amount |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary business income (loss) (page 1, line 21) . . . . . . . . . | **1** | −58,936. |
| | 2 | Net rental real estate income (loss) (attach Form 8825) . . . . . . | **2** | |
| | 3a | Other gross rental income (loss) . . . . . . . . . | **3a** | |
| | b | Expenses from other rental activities (attach statement) . . . | **3b** | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a . . . . | **3c** | |
| | 4 | Interest income . . . . . . . . . . . . . . . | **4** | |
| | 5 | Dividends: **a** Ordinary dividends . . . . . . . . . . . | **5a** | |
| | | **b** Qualified dividends . . . . | **5b** | | |
| | 6 | Royalties . . . . . . . . . . . . . . . . | **6** | |
| | 7 | Net short-term capital gain (loss) (attach Schedule D (Form 1120-S)) | **7** | |
| | 8a | Net long-term capital gain (loss) (attach Schedule D (Form 1120-S)) . | **8a** | |
| | b | Collectibles (28%) gain (loss) . . . . . . . . . | **8b** | |
| | c | Unrecaptured section 1250 gain (attach statement) . . . | **8c** | |
| | 9 | Net section 1231 gain (loss) (attach Form 4797) . . . . . . . | **9** | |
| | 10 | Other income (loss) (see instructions)       Type: | **10** | |
| **Deductions** | 11 | Section 179 deduction (attach Form 4562) . . . . . . . . | **11** | |
| | 12a | Charitable contributions . . . . . . . . . . . . | **12a** | |
| | b | Investment interest expense . . . . . . . . . . . | **12b** | |
| | c | Section 59(e)(2) expenditures . . . .       Type: | **12c** | |
| | d | Other deductions (see instructions) . . . .       Type: | **12d** | |
| **Credits** | 13a | Low-income housing credit (section 42(j)(5)) . . . . . . . | **13a** | |
| | b | Low-income housing credit (other) . . . . . . . . . | **13b** | |
| | c | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468, if applicable) | **13c** | |
| | d | Other rental real estate credits (see instructions)   Type: | **13d** | |
| | e | Other rental credits (see instructions) . . .   Type: | **13e** | |
| | f | Biofuel producer credit (attach Form 6478) . . . . . . . | **13f** | |
| | g | Other credits (see instructions) . . . .       Type: | **13g** | |
| **International** | 14 | Attach Schedule K-2 (Form 1120-S), Shareholders' Pro Rata Share Items—International, and check this box to indicate you are reporting items of international tax relevance . . . . ☐ | | |
| **Alternative Minimum Tax (AMT) Items** | 15a | Post-1986 depreciation adjustment . . . . . . . . . | **15a** | 87. |
| | b | Adjusted gain or loss . . . . . . . . . . . . | **15b** | |
| | c | Depletion (other than oil and gas) . . . . . . . . . | **15c** | |
| | d | Oil, gas, and geothermal properties—gross income . . . . . | **15d** | |
| | e | Oil, gas, and geothermal properties—deductions . . . . . | **15e** | |
| | f | Other AMT items (attach statement) . . . . . . . . | **15f** | |
| **Items Affecting Shareholder Basis** | 16a | Tax-exempt interest income . . . . . . . . . . | **16a** | |
| | b | Other tax-exempt income . . . . . . . . . . . | **16b** | |
| | c | Nondeductible expenses . . . . . . . . . . . | **16c** | |
| | d | Distributions (attach statement if required) (see instructions) . . . | **16d** | |
| | e | Repayment of loans from shareholders . . . . . . . . | **16e** | |
| | f | Foreign taxes paid or accrued . . . . . . . . . . | **16f** | |

REV 04/19/23 PRO                                                                              Form **1120-S** (2022)

Form 1120-S (2022)                                                                                           Page **4**

| Schedule K | | Shareholders' Pro Rata Share Items *(continued)* | | | | Total amount |
|---|---|---|---|---|---|---|
| Other Information | **17a** | Investment income . . . . . . . . . . . . . | | **17a** | | |
| | **b** | Investment expenses . . . . . . . . . . . . | | **17b** | | |
| | **c** | Dividend distributions paid from accumulated earnings and profits . . . . . . . . | | **17c** | | |
| | **d** | Other items and amounts (attach statement) | | | | |
| Reconciliation | **18** | **Income (loss) reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 16f . | | **18** | | −58,936. |

| Schedule L | | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|---|
| | | **Assets** | **(a)** | **(b)** | **(c)** | **(d)** |
| **1** | | Cash . . . . . . . . . . | | 147,806. | | 12,199. |
| **2a** | | Trade notes and accounts receivable . | | | 50,864. | |
| **b** | | Less allowance for bad debts . . . . . | ( | ) | ( | ) 50,864. |
| **3** | | Inventories . . . . . . . . . | | 9,196. | | 10,210. |
| **4** | | U.S. government obligations . . . . | | | | |
| **5** | | Tax-exempt securities (see instructions) . | | | | |
| **6** | | Other current assets (attach statement) . . | | | | |
| **7** | | Loans to shareholders . . . . . | | | | |
| **8** | | Mortgage and real estate loans . . . | | | | |
| **9** | | Other investments (attach statement) . . | | | | |
| **10a** | | Buildings and other depreciable assets . . . | 1,317,139. | | 1,317,139. | |
| **b** | | Less accumulated depreciation . . . . | ( 1,038,519.) | 278,620. | ( 1,055,972.) | 261,167. |
| **11a** | | Depletable assets . . . . . . . | | | | |
| **b** | | Less accumulated depletion . . . . . | ( | ) | ( | ) |
| **12** | | Land (net of any amortization) . . . . | | | | |
| **13a** | | Intangible assets (amortizable only) . . . | | | | |
| **b** | | Less accumulated amortization . . . . | ( | ) | ( | ) |
| **14** | | Other assets (attach statement) . . . . | | | | |
| **15** | | Total assets . . . . . . . . . | | 435,622. | | 334,440. |
| | | **Liabilities and Shareholders' Equity** | | | | |
| **16** | | Accounts payable . . . . . . . | | | | |
| **17** | | Mortgages, notes, bonds payable in less than 1 year | | | | |
| **18** | | Other current liabilities (attach statement)Ln 18 St | | 35,964. | | 38,392. |
| **19** | | Loans from shareholders . . . . . | | 74,389. | | 89,623. |
| **20** | | Mortgages, notes, bonds payable in 1 year or more | | 634,477. | | 634,477. |
| **21** | | Other liabilities (attach statement) . . . | | | | |
| **22** | | Capital stock . . . . . . . . | | 2,000. | | 2,000. |
| **23** | | Additional paid-in capital . . . . . | | | | |
| **24** | | Retained earnings . . . . . Ln 25 St | | −311,208. | | −370,144. |
| **25** | | Adjustments to shareholders' equity (attach statement) | | | | −59,908. |
| **26** | | Less cost of treasury stock . . . . . | | ( ) | | ( ) |
| **27** | | Total liabilities and shareholders' equity . . | | 435,622. | | 334,440. |

REV 04/19/23 PRO                                                                   Form **1120-S** (2022)

Form 1120-S (2022)                                                                                      Page **5**

| **Schedule M-1** | **Reconciliation of Income (Loss) per Books With Income (Loss) per Return** |
|---|---|

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| **1** | Net income (loss) per books . . . . | −58,936. | **5** | Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | |
| **2** | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize) _____ | | **a** | Tax-exempt interest $ _____ | |
| **3** | Expenses recorded on books this year not included on Schedule K, lines 1 through 12, and 16f (itemize): | | **6** | Deductions included on Schedule K, lines 1 through 12, and 16f, not charged against book income this year (itemize): | |
| **a** | Depreciation $ _____ | | **a** | Depreciation $ _____ | |
| **b** | Travel and entertainment $ _____ | | **7** | Add lines 5 and 6 . . . . . . | |
| **4** | Add lines 1 through 3 . . . . . . | −58,936. | **8** | Income (loss) (Schedule K, line 18). Subtract line 7 from line 4 . . . . | −58,936. |

| **Schedule M-2** | **Analysis of Accumulated Adjustments Account, Shareholders' Undistributed Taxable Income Previously Taxed, Accumulated Earnings and Profits, and Other Adjustments Account** (see instructions) |
|---|---|

| | | **(a)** Accumulated adjustments account | **(b)** Shareholders' undistributed taxable income previously taxed | **(c)** Accumulated earnings and profits | **(d)** Other adjustments account |
|---|---|---|---|---|---|
| **1** | Balance at beginning of tax year . . . . . | −283,606. | 0. | 0. | 0. |
| **2** | Ordinary income from page 1, line 21 . . . | | | | |
| **3** | Other additions . . . . . . . . . . | | | | |
| **4** | Loss from page 1, line 21 . . . . . . . | ( 58,936.) | | | |
| **5** | Other reductions . . . . . . . . . | ( ) | | | ( ) |
| **6** | Combine lines 1 through 5 . . . . . . | −342,542. | 0. | 0. | 0. |
| **7** | Distributions . . . . . . . . . . | | | | |
| **8** | Balance at end of tax year. Subtract line 7 from line 6 . . . . . . . . . . . | −342,542. | 0. | 0. | 0. |

REV 04/19/23 PRO                                                                        Form **1120-S** (2022)

Form **1125-A**

(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

## Cost of Goods Sold

► Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.
► Go to *www.irs.gov/Form1125A* for the latest information.

OMB No. 1545-0123

| Name | Employer identification number |
|---|---|
| MIRAGE RESTAURANT INC | 36-3717517 |

| | | | |
|---|---|---|---:|
| 1 | Inventory at beginning of year | 1 | 9,196 |
| 2 | Purchases | 2 | 219,472 |
| 3 | Cost of labor | 3 | |
| 4 | Additional section 263A costs (attach schedule) | 4 | |
| 5 | Other costs (attach schedule)    See Statement | 5 | 47,564 |
| 6 | **Total.** Add lines 1 through 5 | 6 | 276,232 |
| 7 | Inventory at end of year | 7 | 10,210 |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | 8 | 266,022 |

**9a** Check all methods used for valuing closing inventory:

(i) ☒ Cost

(ii) ☐ Lower of cost or market

(iii) ☐ Other (Specify method used and attach explanation.) ►

**b** Check if there was a writedown of subnormal goods    ► ☐

**c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970)    ► ☐

**d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed under LIFO    | 9d | |

**e** If property is produced or acquired for resale, do the rules of section 263A apply to the entity? See instructions    ☐ Yes   ☒ No

**f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? If "Yes," attach explanation    ☐ Yes   ☒ No

---

Section references are to the Internal Revenue Code unless otherwise noted.

## What's New

**Small business taxpayers.** For tax years beginning after December 31, 2017, the following apply.

• A small business taxpayer (defined below), may use a method of accounting for inventories that either: (1) treats inventories as nonincidental materials and supplies, or (2) conforms to the taxpayer's financial accounting treatment of inventories.

• A small business taxpayer is not required to capitalize costs under section 263A.

## General Instructions

### Purpose of Form

Use Form 1125-A to calculate and deduct cost of goods sold for certain entities.

### Who Must File

Filers of Form 1120, 1120-C, 1120-F, 1120S, or 1065, must complete and attach Form 1125-A if the applicable entity reports a deduction for cost of goods sold.

### Inventories

Generally, inventories are required at the beginning and end of each tax year if the production, purchase, or sale of

merchandise is an income-producing factor. See Regulations section 1.471-1. If inventories are required, you generally must use an accrual method of accounting for sales and purchases of inventory items.

**Exception for certain taxpayers.** A small business taxpayer (defined below), can adopt or change its accounting method to account for inventories in the same manner as material and supplies that are non-incidental, or conform to its treatment of inventories in an applicable financial statement (as defined in section 451(b)(3)), or if it does not have an applicable financial statement, the method of accounting used in its books and records prepared in accordance with its accounting procedures. See section 471(c)(3).

A small business taxpayer claiming exemption from the requirement to keep inventories is changing its method of accounting for purposes of section 481. For additional guidance on this method of accounting, see Pub. 538, Accounting Periods and Methods. For guidance on changing to this method of accounting, see Form 3115 and the Instructions for Form 3115.

**Small business taxpayer.** A small business taxpayer is a taxpayer that (a) has average annual gross receipts of $25 million or less (indexed for inflation) for the 3 prior tax years, and (b) is not a tax shelter (as defined in section 448(d)(3)). See Pub. 538.

**Uniform capitalization rules.** The uniform capitalization rules of section 263A generally require you to capitalize, or include in inventory, certain costs incurred in connection with the following.

• The production of real property and tangible personal property held in inventory or held for sale in the ordinary course of business.

• Real property or personal property (tangible and intangible) acquired for resale.

• The production of real property and tangible personal property for use in its trade or business or in an activity engaged in for profit.

A small business taxpayer (defined above) is not required to capitalize costs under section 263A. See section 263A(i).

See the discussion on section 263A uniform capitalization rules in the instructions for your tax return before completing Form 1125-A. Also see Regulations sections 1.263A-1 through 1.263A-3. See Regulations section 1.263A-4 for rules for property produced in a farming business.

---

**For Paperwork Reduction Act Notice, see instructions.** BAA     REV 04/19/23 PRO   Form **1125-A** (Rev. 11-2018)

671121

**Schedule K-1**
**(Form 1120-S)**
Department of the Treasury
Internal Revenue Service

20**22**

For calendar year 2022, or tax year

beginning / / 2022    ending / /

☒ Final K-1    ☐ Amended K-1    OMB No. 1545-0123

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

**Shareholder's Share of Income, Deductions, Credits, etc.**    See separate instructions.

| Part I | Information About the Corporation |
|---|---|

**A** Corporation's employer identification number
36-3717517

**B** Corporation's name, address, city, state, and ZIP code
MIRAGE RESTAURANT INC

10255 IRVING PARK ROAD
SCHILLER PARK IL 60176

**C** IRS Center where corporation filed return
Kansas City, MO  64999-0013

**D** Corporation's total number of shares
Beginning of tax year . . . . . .    2000
End of tax year . . . . . .    700

| Part II | Information About the Shareholder |
|---|---|

**E** Shareholder's identifying number
▆▆▆▆0162

**F** Shareholder's name, address, city, state, and ZIP code
GEORGE FOUNTALAS

5627 N VINE AVE
CHICAGO IL 60631

**G** Current year allocation percentage . . .    33.47945 %

**H** Shareholder's number of shares
Beginning of tax year . . . . .    1300
End of tax year . . . . . . .    0

**I** Loans from shareholder
Beginning of tax year . . . . . . $    24,905.
End of tax year . . . . . . . $    0.

For IRS Use Only

| # | Description | # | Description |
|---|---|---|---|
| 1 | Ordinary business income (loss)  -19,731. | 13 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Schedule K-3 is attached if checked . . . . . ☐ |
| 6 | Royalties | 15 | Alternative minimum tax (AMT) items |
| 7 | Net short-term capital gain (loss) | A | 29. |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured section 1250 gain | | |
| 9 | Net section 1231 gain (loss) | 16 | Items affecting shareholder basis |
| 10 | Other income (loss) | | |
| | | 17 | Other information |
| 11 | Section 179 deduction | | |
| 12 | Other deductions | | |
| 18 | ☐ More than one activity for at-risk purposes* | | |
| 19 | ☐ More than one activity for passive activity purposes* | | |

\* See attached statement for additional information.

671121

**Schedule K-1
(Form 1120-S)**
Department of the Treasury
Internal Revenue Service

**2022**

OMB No. 1545-0123

☐ Final K-1    ☐ Amended K-1

For calendar year 2022, or tax year

beginning __/__/__ 2022    ending __/__/__

**Shareholder's Share of Income, Deductions,
Credits, etc.**    *See separate instructions.*

| **Part III** | **Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items** |
|---|---|

| # | Item | # | Item |
|---|---|---|---|
| 1 | Ordinary business income (loss) −39,205. | 13 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Schedule K-3 is attached if checked . . . . . ☐ |
| 6 | Royalties | 15 | Alternative minimum tax (AMT) items |
| 7 | Net short-term capital gain (loss) | | A        58. |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured section 1250 gain | | |
| 9 | Net section 1231 gain (loss) | 16 | Items affecting shareholder basis |
| 10 | Other income (loss) | | |
| | | 17 | Other information |
| | | 11 | Section 179 deduction |
| | | 12 | Other deductions |

**Part I** **Information About the Corporation**

**A** Corporation's employer identification number
36-3717517

**B** Corporation's name, address, city, state, and ZIP code
MIRAGE RESTAURANT INC

10255 IRVING PARK ROAD
SCHILLER PARK IL 60176

**C** IRS Center where corporation filed return
Kansas City, MO  64999-0013

**D** Corporation's total number of shares

| Beginning of tax year . . . . . . | 2000 |
|---|---|
| End of tax year | 700 |

**Part II** **Information About the Shareholder**

**E** Shareholder's identifying number
████1950

**F** Shareholder's name, address, city, state, and ZIP code
JAMES FOUNTALAS

5641 N CRESCENT
NORWOOD PARK IL 60631

**G** Current year allocation percentage . . .    66.52055 %

**H** Shareholder's number of shares

| Beginning of tax year . . . . . . . | 700 |
|---|---|
| End of tax year . . . . . . . . | 700 |

**I** Loans from shareholder

| Beginning of tax year . . . . . . $ | 49,484. |
|---|---|
| End of tax year . . . . . . . $ | 59,618. |

For IRS Use Only

| 18 | ☐ More than one activity for at-risk purposes* |
|---|---|
| 19 | ☐ More than one activity for passive activity purposes* |

* See attached statement for additional information.

For Paperwork Reduction Act Notice, see the Instructions for Form 1120-S.    www.irs.gov/Form1120S    REV 04/19/23 PRO    **Schedule K-1 (Form 1120-S) 2022**
BAA

Form **1125-E**
(Rev. October 2016)

Department of the Treasury
Internal Revenue Service

## Compensation of Officers

▶ **Attach to Form 1120, 1120-C, 1120-F, 1120-REIT, 1120-RIC, or 1120S.**
▶ **Information about Form 1125-E and its separate instructions is at** *www.irs.gov/form1125e.*

OMB No. 1545-0123

| Name | Employer identification number |
|---|---|
| MIRAGE RESTAURANT INC | 36-3717517 |

**Note:** Complete Form 1125-E only if total receipts are $500,000 or more. See instructions for definition of total receipts.

| (a) Name of officer | (b) Social security number (see instructions) | (c) Percent of time devoted to business | Percent of stock owned | | (f) Amount of compensation |
|---|---|---|---|---|---|
| | | | (d) Common | (e) Preferred | |
| **1** JAMES FOUNTALAS | ███1950 | 35% | 35% | % | 6,300. |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |
| | | % | % | % | |

| | | | |
|---|---|---|---|
| **2** | Total compensation of officers . . . . . . . . . . . . . . . . . | **2** | 6,300. |
| **3** | Compensation of officers claimed on Form 1125-A or elsewhere on return . . . . . . . . | **3** | |
| **4** | Subtract line 3 from line 2. Enter the result here and on Form 1120, page 1, line 12 or the appropriate line of your tax return . . . . . . . . . . . . . . . . . . | **4** | 6,300. |

**For Paperwork Reduction Act Notice, see separate instructions. BAA**    REV 04/19/23 PRO    Form **1125-E** (Rev. 10-2016)

**Form 1120S**
**Schedule L**

**Other Liabilities**
**and Adjustments to Shareholders' Equity**

**2022**

| Name | Employer ID Number |
|------|--------------------|
| MIRAGE RESTAURANT INC | 36-3717517 |

| **Other Current Liabilities:** | Beginning of tax year | End of tax year |
|---|---|---|
| BANQUET DEPOSITS PAY | 32,083. | 32,083. |
| ACCRUED SALES TAX | 3,881. | 5,255. |
| PAYROLL TAX PAYABLE | | 1,054. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total to Form 1120S, Schedule L, line 18** . . . . . . . . . . . . . ▶ | 35,964. | 38,392. |

| **Other Liabilities:** | Beginning of tax year | End of tax year |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total to Form 1120S, Schedule L, line 21** . . . . . . . . . . . . . ▶ | | |

| **Adjustments to Shareholders' Equity:** | Beginning of tax year | End of tax year |
|---|---|---|
| PPA TO EQUITY | | -59,908. |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total to Form 1120S, Schedule L, line 25** . . . . . . . . . . . . . ▶ | | -59,908. |

## 199A Worksheet by Activity                    **2022**

► Keep for your records

| Corporation's name | Corporation's EIN |
|---|---|
| MIRAGE RESTAURANT INC | 36-3717517 |

QuickZoom to 199A Summary . . . . ► _____

Aggregation Code: ____

Trade or Business: 1120S, Line 21
EIN: 36-3717517

Is this activity a qualified trade/business? . . . . . . . . ☐ Yes ☒ No
Specified Service Trade or Business? . . . . . . . . . . ☐ Yes ☒ No

QBI or qualified PTP items subject to shareholder-specific determinations:

| | | |
|---|---|---|
| **1 a** Ordinary business income (loss) . . . . . . . . . . . . . . **1 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted ordinary business income (loss) . . . . . . . . . . . . . . . . . . . . . . . . | **1 c** | _____ |
| **2 a** Rental income (loss) . . . . . . . . . . . . . . . . . . . . . **2 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted rental income (loss) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2 c** | _____ |
| **3 a** Royalty income (loss) . . . . . . . . . . . . . . . . . . . . **3 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted royalty income (loss) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3 c** | _____ |
| **4 a** Section 1231 gain (loss) . . . . . . . . . . . . . . . . . . . **4 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted section 1231 gain (loss) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **4 c** | _____ |
| **5** Other income (loss) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5** | | _____ |
| **6 a** Section 179 deduction . . . . . . . . . . . . . . . . . . . **6 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted section 179 deduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6 c** | _____ |
| **7** Other deductions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7** | | _____ |
| **8 a** W-2 wages . . . . . . . . . . . . . . . . . . . . . . . **8 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted W-2 Wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **8 c** | _____ |
| **9 a** UBIA of qualified property . . . . . . . . . . . . . . . . **9 a** _____ | | |
| **b** Adjustments . . . . . . . . . . . . . . . . . . . . . . . **b** _____ | | |
| **c** Adjusted UBIA of qualified property . . . . . . . . . . . . . . . . . . . . . . . . . | **9 c** | _____ |

## Section 179 Carryover Detail for this Activity

| | Section 179 Regular Tax | Section 179 QBI |
|---|---|---|
| Tentative Section 179 deduction from current year assets . . . . . | | |
| **Part I: Prior Year Carryovers by Year and Category** | | |
| **A** Before 2018 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0. |
| **B** 2018 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0. |
| **C** 2019 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0. | 0. |
| **D** 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| **E** 2021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| **Total prior year carryovers to this year** . . . . . . . . . . . . . . | | |

| | Section 179 Regular Tax | Section 179 QBI |
|---|---|---|
| **Part II: 179 Deduction Allowed by Year and Category** | | |
| **Total 179 deduction allowed for this activity in current year** . . . . | | |
| **A** Amount allowed from 2022 . . . . . . . . . . . . . . . . . . . | | |
| **B** Amount allowed from before 2018 . . . . . . . . . . . . . . . | | |
| **C** Amount allowed from 2018 . . . . . . . . . . . . . . . . . . . | | |
| **D** Amount allowed from 2019 . . . . . . . . . . . . . . . . . . . | | |
| **E** Amount allowed from 2020 . . . . . . . . . . . . . . . . . . . | | |
| **F** Amount allowed from 2021 . . . . . . . . . . . . . . . . . . . | | |

| | Section 179 Regular Tax | Section 179 QBI |
|---|---|---|
| **Part III: Total Carryforward to 2023 by Year and Category** | | |
| **A** Carryforward from 2022 . . . . . . . . . . . . . . . . . . . . | | |
| **B** Carryforward from before 2018 . . . . . . . . . . . . . . . . | | |
| **C** Carryforward from 2018 . . . . . . . . . . . . . . . . . . . . | | 0. |
| **D** Carryforward from 2019 . . . . . . . . . . . . . . . . . . . . | 0. | 0. |
| **E** Carryforward from 2020 . . . . . . . . . . . . . . . . . . . . | | |
| **F** Carryforward from 2021 . . . . . . . . . . . . . . . . . . . . | | |
| **Total carryforward to next year** . . . . . . . . . . . . . . . . . | 0. | 0. |

spsw9906.SCR   09/22/22

MIRAGE RESTAURANT INC                                              36-3717517        1

# Additional Information From 2022 US Form 1120S: Income Tax Return for S Corp

**Form 1120S: S-Corporation Tax Return**

**Other Deductions**                                         Continuation Statement

| Description | Amount |
|---|---:|
| BANK CHARGES | 75. |
| COMPUTER SERVICES AND SUPPLIES | 3,618. |
| INSURANCE | 29,892. |
| LEGAL AND PROFESSIONAL | 19,000. |
| OUTSIDE SERVICES | 62,709. |
| PRINTING | 217. |
| SECURITY | 3,822. |
| TELEPHONE | 5,368. |
| UTILITIES | 49,316. |
| SCAVENGER | 6,234. |
| MERCHANT SERVICES | 18,957. |
| **Total** | 199,208. |

**SMART WORKSHEET FOR: Form 1120S: S-Corporation Tax Return**

**Other Misc Taxes**                                           Itemization Statement

| Description | Amount |
|---|---:|
| SALES TAX | 55,569. |
| **Total** | **55,569.** |

**Form 1125-A: Cost of Goods Sold**

**Line 2**                                                     Itemization Statement

| Description | Amount |
|---|---:|
| FOOD PURCHASE | 187,089 |
| LIQUOR PURCHASES | 21,988 |
| SUPPLIES | 10,395 |
| **Total** | **219,472** |

**Form 1125-A: Cost of Goods Sold**

**Other Costs Statement**                                      Continuation Statement

| Other Cost | Other Amount |
|---|---:|
| LINENS | 47,564 |
| MUSIC & ENTERTAINMENT | 0 |
| **Total** | 47,564 |

**Mirage Restaurant, Inc.**
## Profit & Loss
### January through April 2023

|                                   | Jan - Apr 23 |
|-----------------------------------|-------------:|
| **Ordinary Income/Expense**       |              |
| **Income**                        |              |
| **Doordash Income**               | 481.85       |
| **Grubhub Income**                | 124.23       |
| **Restaurant and Banquet Sales**  | 181,370.23   |
| **Total Income**                  | 181,976.31   |
| **Cost of Goods Sold**            |              |
| **Food Purchases**                | 59,444.33    |
| **Linens**                        | 13,121.00    |
| **Liquor Purchases**              | 17,905.25    |
| **Merchant Account Fees**         | 6,510.44     |
| **Restaurant Supplies**           | 1,586.95     |
| **Sales Tax Expense**             | 20,008.00    |
| **Total COGS**                    | 118,575.97   |
| **Gross Profit**                  | 63,400.34    |
| **Expense**                       |              |
| **Advertising and Promotion**     | 7,265.05     |
| **Bank Service Charges**          | 32.50        |
| **Computer and Internet Expenses**| 1,180.43     |
| **Dues and Subscriptions**        | 524.59       |
| **Insurance Expense**             | 8,594.52     |
| **Outside Service**               | 4,015.00     |
| **Payroll Tax Expense**           | 104.46       |
| **Repairs and Maintenance**       | 15,170.25    |
| **Scavenger**                     | 2,524.73     |
| **Security System**               | 352.79       |
| **Telephone Expense**             | 1,346.33     |
| **Utilities**                     | 14,933.70    |
| **Total Expense**                 | 56,044.35    |
| **Net Ordinary Income**           | 7,355.99     |
| **Net Income**                    | **7,355.99** |

**Mirage Restaurant, Inc.**
# Balance Sheet
**As of April 30, 2023**

|  | Apr 30, 23 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| Credit Card Account | 1,543.27 |
| US Bank - 4101 | 13,357.47 |
| US Bank - Payroll - 9392 | 934.82 |
| **Total Checking/Savings** | 15,835.56 |
| **Other Current Assets** | |
| Accounts Receivable Hotel | 50,859.94 |
| Inventory | 10,210.00 |
| Payroll Exchange | 2,412.43 |
| **Total Other Current Assets** | 63,482.37 |
| **Total Current Assets** | 79,317.93 |
| **Fixed Assets** | |
| Accumulated Depreciation | -1,055,971.77 |
| Equipment | 361,042.44 |
| Furniture and Equipment | 30,557.16 |
| Leasehold Improvements | 925,539.22 |
| **Total Fixed Assets** | 261,167.05 |
| **TOTAL ASSETS** | **340,484.98** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| Business Reserve LOC - 9392 | 200.00 |
| Sales Tax Payable | 5,255.39 |
| Unearned Banquet Revenue | 32,082.98 |
| Withholding Taxes Payable | -6.13 |
| **Total Other Current Liabilities** | 37,532.24 |
| **Total Current Liabilities** | 37,532.24 |
| **Long Term Liabilities** | |
| Loans From Shareholders | 89,622.68 |
| SBA (PPP) Funds | 484,477.00 |
| SBA (EIDL) Loan | 150,000.00 |
| **Total Long Term Liabilities** | 724,099.68 |
| **Total Liabilities** | 761,631.92 |
| **Equity** | |
| Capital Stock | 2,000.00 |
| PPA | -59,907.54 |
| Retained Earnings | -375,145.39 |
| SBA (EIDL Targeted) Advance | 5,000.00 |
| Shareholder Distributions | -450.00 |
| Net Income | 7,355.99 |
| **Total Equity** | -421,146.94 |
| **TOTAL LIABILITIES & EQUITY** | **340,484.98** |